Marshall, C. J.
This is an action in mandamus filed originally in this court. The petition alleges that the relator, Robert S. Alcorn, is a taxpayer resident of Hamilton county, Ohio, and that he first requested the prosecuting attorney to bring the action, which request was refused. The petition' states that the commissioners of Hamilton county have for several years last past failed and neglected to comply with Section 5696, General Code, which *230 reads in part as follows: “The county commissioners, at each September session, shall cause the list of persons delinquent in the payment on personal property to be publicly read. If they deem it necessary, they may authorize the treasurer to employ collectors to collect such taxes or part thereof, prescribing the compensation of such collectors which shall be paid out of the county treasury.”
The prosecuting attorney refused to bring the suit, for the reason that he was in doubt as to the authority under that section for the reading by the county commissioners of the delinquent list at any time after the end of the September session of the board of county commissioners.
It is not charged or claimed that there was any reason for not having read the list during the September session, except that it was overlooked, and the prosecuting attorney concedes that it was their duty to read it during the September session and that if his attention had been called to it before the close of the September session he would have advised the commissioners to read the list. The question arises upon a demurrer to the petition, and the legál question argued is as to whether it is mandatory to read the list during the September session or whether on the other hand this having been neglected there is any authority for reading it after the close of that session.
It has already been decided by this court that the provisions of Section 5696, General Code, are mandatory so far as the act of reading the list is concerned, and that the reading of such list is a condi *231 tion precedent to the employment by the treasurer of a collector to collect such taxes, and also a condition precedent to the filing of any suit against any delinquent taxpayers on account of taxes levied on personal property. (Board of County Commissioners of Hamilton Co. v. Arnold, 65 Ohio St., 479.) In that case the question whether the delinquent list could legally be publicly read after the close o'f the September session was not considered or decided.
We are not concerned with the wisdom of a requirement of publicly reading the list, but will assume that the legislature acted wisely; and we are not disposed to disturb the former ruling of this court. It was of course the commissioners’ duty to read the list during the September session, and having failed to read it during that session there is still a duty unperformed which must be performed before any collector can be employed and before a suit can be brought against the delinquents. Manifestly it would be unfair and unjust to permit the delinquents to escape their liability on account of this neglect. We are of the opinion that while the act itself, that is to say the act of reading the list, is mandatory and imperative, the time of the performance of the act is directory merely. While it was their duty to read it at the time prescribed by the statute, having failed in that it is still their duty to read it at the earliest moment thereafter, when their attention is called to it, and the provisions of Section 5696 cannot be nullified by the neglect of the commissioners to perform their duty at the time required.
*232 In the case at bar it is clear that the commissioners had no purpose to serve in omitting to read the •list, and there was no improper motive, but the statute is not to be construed upon a question of animus. The question is, Can the lav/ be rendered nugatory by the omission, from any cause, to read the list ? Even though there may have been a well-settled purpose and intention to read the list, the execution of the purpose could very properly be postponed until toward the end of the session, and then be prevented by an uncontrollable cause, such as fire, flood, epidemic, etc. It is opposed to good sense as well as to the spirit of our institutions to permit the will of the legislative branch of the government to be frustrated by the administrative branch, whether the omission be by accident or design.
There are a great many statutes in which the time is fixed for doing stipulated things, and in which time is of the essence of the matter, and in such event the statute must be considered to be mandatory and the act cannot be performed at any other time. On the other hand, there are a very great many statutes commanding public officials to perform acts at certain fixed times where time is not of the essence of the matter, and in such instances the provisions are directory merely. There can be no good reason for claiming that time is of the essence of the provision for reading the list of delinquent taxpayers on personal property, and we therefore hold that Section 5696, General Code, belongs to the latter class. It is therefore the judgment of this court that the demurrer to the petition be overruled.
*233 It appearing that the defendants do not desire to further plead judgment will be entered for the relator, and it is ordered that a peremptory writ of mandamus issue as prayed for.

Judgment for relator.

Johnson, Hough, Wanamaker, Robinson, Jones and Matthias, JJ., concur.